MUÑOZ, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record Certain Houses.

No. 272.—Decided March 30, 1916.

RECORD OF TITLE—ACCESSORY.—A building is regarded as an accessory of the land; therefore when the land is recorded in the registry the building erected thereon should also be considered as recorded.

Id.—Possessory Title Proceedings—New Contract.—When land is recorded it is not necessary to bring possessory title proceedings to record a building erected thereon, and the fact that the building is not recorded in favor of the grantor of the land is no ground for denying the admission to record of a new contract.

Id. — Building Constructed on Recorded Land — Accessory — Possession. — When a building is constructed upon a lot which is recorded the building will be considered recorded as an accessory thereof; therefore it is not necessary to record a building newly constructed on a lot already recorded or to prove its possession.

Id.—Building Constructed on Recorded Land—Manner of Recording—Public Instrument.—Although the recording of a building constructed on a lot which is already recorded is unnecessary, no objection can be made to such action on the part of an owner who after constructing a building on a lot which is recorded desires to record the building in his name, and the notarial act appropriate to such unilateral transaction is a public instrument showing that the owner appeared before a notary and stated that he had had the building constructed on a lot described by him and desired it to be recorded in the registry.

Id.—Sale—Previous Record.—In this case the land was recorded and the owner sold it together with two houses thereon which he described in the deed of sale. The registrar refused to record the sale of the houses because they had not been previously recorded in the name of the vendor, and the court, pursuant to the principles previously stated, reversed the decision of the registrar.

The facts are stated in the opinion.

*Mr. Pedro Amado Rivera* for the appellant.

The registrar did not appear.

Mr. Justice del Toro delivered the opinion of the court.

This is an administrative appeal involving the question of the manner of recording in the registry new buildings erected on properties already recorded.

On February 1, 1916, before Notary P. Amado Rivera, Antonio Sarmiento, J. López, F. Almiroty and M. Muñoz executed an instrument embracing acquittance, cancellation of mortgage, bargain and sale and the creation of another mortgage. It appears from the instrument that Almiroty, being the owner of three lots with houses constructed thereon, mortgaged them to certain persons represented by Sarmiento and López. He paid the secured loan and the creditors canceled the mortgage. In the same deed Almiroty sold one of the properties, a lot with two houses, to appellant Muñoz

and mortgaged the others in favor of a certain person represented by López. The instrument contains a description of the two houses built on the lot sold.

The instrument having been presented in the registry by vendee Muñoz, the registrar entered the cancellations and recorded the sale of the lot only, but refused to record the sale of the houses because they were not recorded in the name of the vendor or of any other person. Thereupon the purchaser took the present appeal.

In our opinion the registrar should not have refused to record the sale of the houses in the books of the registry.

Neither the Mortgage Law nor its Regulations prescribe what should be done in such a case, therefore resort should be had to the general principles of law for the solution of the question raised.

It is an old and well-known rule that the accessory follows the principal, and the fact that a building is regarded as an accessory of the land has been accepted repeatedly by jurisprudence. For this reason it has been decided frequently that when land is recorded in the registry the buildings erected thereon should also be considered as recorded.

On August 21, 1863, the General Directorate of Registries held that when a parcel of land is recorded it is not necessary to bring possessory title proceedings to record a building erected thereon; therefore, the fact that the building is not recorded in favor of the grantor of the land is no ground for denying the inscription of the new contract. Odriozola, Mortgage Jurisprudence, 398.

On August 31, 1863, the same Directorate held that when a building is constructed upon a lot which is recorded, the building shall be considered recorded as an accessory thereof. Odriozola, Mortgage Jurisprudence, 398.

In accordance with the decisions of the General Directorate of Registries of Spain of August 21 and 31, 1863, this court held in the case of *Sánchez & Co.* v. *The Registrar,* 16 P. R. R. 419, that it is not necessary to record a building

newly constructed on a lot already recorded, or to show possession thereof, because the building is appurtenant to the soil and if the lot is recorded, the building must also be considered as recorded.

In the case of *Martin et al.* v. *The Registrar of Arecibo,* 22 P. R. R. 139, this court distinguished between the recording of a building constructed on one's own land and of one built on the land of another, holding that in the first case the building belongs to the owner of the land, on the principle that the accessory follows the principal, and that therefore no special record of the building is necessary. See also *Marcos* v. *The Registrar,* 19 P. R. R. 233.

Now, in many instances for greater clearness owners of recorded land who erect new buildings thereon apply for admission to record of the same in the registry and for this purpose different methods have been adopted. In its decision of May 20, 1895, the General Directorate of Registries said that although the recording of a building constructed on a lot which is already recorded is unnecessary, for which reason it would be better to abandon the practice of recording buildings not affected by any contract or legal relationship, it is a fact that the practice is very general, especially in the large towns, and that no objection can reasonably be made to such action on the part of an owner who after constructing a building on a lot which is recorded desires to record the building in his name, and the notarial act appropriate to such unilateral transactions is a public instrument setting out that the owner appeared before the notary and stated that he had had the building constructed on a lot belonging to him and desired it to be recorded in the registry, but it is not recordable in the form of a notarial instrument. See Odriozola, Mortgage Jurisprudence, 400. In such a case Galindo suggests that there be included in the declaratory instrument the certificate of the architect who constructed the building. See I Galindo, Mortgage Legislation, 360.

But, the case before us for consideration and decision

is not exactly similar to the case to which the foregoing paragraph refers. Here the land was recorded and by a subsequent act the owner of the land sold it together with two houses thereon, describing them. In accordance with the principles laid down, the houses manifestly belong to the owner of the land and the said owner was required merely to describe them in order to record their conveyance in the registry as accessories of the land. In this regard Galindo expresses himself as follows:

"We have no doubt regarding the matter. It being settled that the building is appurtenant to the soil and that the latter is recorded, it is not necessary to record the building and only the declaratory instrument and description is necessary to alienate the same and record its construction." I Galindo, Mortgage Legislation, 360.

And Martínez Moreda says:

"There are some registrars who require only an instrument executed by the owner describing the property while others require in addition a certificate of the architect and others merely the said certificate. We are of the opinion that the record could be made also by means of a judicial proceeding. In all these cases the instruments can be recorded and made to appear in the entry as circumstances modifying the description of the property. *Also, action may be deferred until a subsequent title is to be recorded referring to the recorded property, describing then the building or crop. We think this last method of recording appurtenances in the registry is better because it is supported by the acquiescence of the contracting party who acquires the property and his testimony strengthens that of the owner.*" I Martínez, Mortgage Legislation, 33. (Italics ours.)

In view of the foregoing, we are of the opinion that the decision appealed from should be reversed and the registrar ordered to make the record as requested.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.